UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTHONY ROY MILLIGAN JR.,

        Defendant.

_____/

Case No. 20-cr-20134

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING DEFENDANT ANTHONY MILLIGAN'S MOTION FOR JUDGMENT OF
ACQUITTAL OR FOR A NEW TRIAL (Dkt. 169)**

This matter is before the Court on Defendant Anthony Milligan's motion for judgment of acquittal or, in the alternative, for a new trial (Dkt. 169). For the reasons set forth below, the Court denies the motion in its entirety.[1]

### I. BACKGROUND

Defendant Anthony Milligan was charged with one count of conspiracy to possess with intent to distribute heroin and methamphetamine under 21 U.S.C §§ 841, 846, and a second count of possession with intent to distribute heroin under § 841(a)(1). Superseding Indictment (Dkt. 16). After trial, the jury found Milligan guilty on both counts. Verdict at 1–2 (Dkt. 161).

Milligan's motion requests acquittal or a new trial on multiple grounds. With respect to the conspiracy charge under Count I, Milligan argues that the evidence is insufficient to support either the existence of a conspiracy or the quantity of drugs attributable to the conspiracy. Mot. at 11–14. As to the possession charge under Count II, Milligan argues that there was insufficient

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to the motion, the briefing includes the Government's response (Dkt. 173) and Milligan's reply (Dkt. 176).

evidence to show that Milligan constructively possessed heroin that was delivered to 2 Wenonah Dr., Pontiac, Michigan (the Wenonah Drive package), and, therefore, Milligan possessed less than the 100 grams for which the jury convicted him.[2] Id. at 10–11. Milligan also requests a new trial with respect to both counts based on an asserted error by the Court in instructing the jury regarding Milligan's right to testify. Id. at 12–13.

## II. ANALYSIS

Milligan requests that the Court acquit him of all charges pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, grant him a new trial pursuant to Rule 33. See Mot.

Rule 29 enables a court to enter an acquittal where a jury has either returned a guilty verdict or failed to return a verdict, and the evidence is insufficient to support a conviction. Fed. R. Crim. P. 29(c)(2), (a). "Claims of insufficient evidence are determined by inquiring whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier could have found the essential elements of the crime beyond a reasonable doubt." United States v. Coleman, 458 F.3d 453, 456 (6th Cir. 2006) (punctuation modified). "In examining claims of insufficient evidence, this court does not weigh the evidence presented, consider the credibility of witnesses, or substitute its judgment for that of the jury." United States v. Driver, 535 F.3d 424, 429 (6th Cir. 2008) (punctuation modified). Defendants asserting insufficiency of the evidence arguments have a heavy burden, and circumstantial evidence alone can sustain a conviction. United States v. Wettstain, 618 F.3d 577, 583 (6th Cir. 2010).

Rule 33 governs Milligan's motion for a new trial, which permits a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

---

[2] As summarized in the parties' briefing, the United States Postal Inspection Service (USPIS) intercepted a suspicious parcel containing heroin, which was addressed to an individual named Anthony Williams at the Wenonah Drive residence. Mot. at 2; Resp. at 12–13. After intercepting the Wenonah Drive package, agents removed most of the heroin and conducted a controlled delivery of the package to Wenonah Drive. Mot. at 2; Resp. at 12–13.

2

"The rule does not define interest of justice and the courts have had little success in trying to generalize its meaning." United States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010) (punctuation modified). Nevertheless, "it is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred," including "reversible error or violation of the defendant's substantial rights." Id. at 373–374.

### A. Conspiracy to Distribute and Possess Controlled Substances (Count I)

Milligan challenges the sufficiency of the evidence supporting both (i) the existence of the conspiracy, Mot. at 13–14, and (ii) the jury's finding regarding the weight of drugs attributable to the conspiracy, id. at 11–12.

**1. Conspiracy**

The Court turns first to Milligan's arguments challenging the sufficiency of evidence supporting the conspiracy. Milligan points out that the "Sixth Circuit has 'long held that a buyer-seller agreement alone does not establish a conspiracy[.]'" Mot. at 13 (quoting United States v. Wheat, 988 F3d 299, 304 (6th Cir 2021)). Milligan contends that the evidence could have supported, at most, a jury finding that he engaged in only a buyer-seller relationship with co-conspirator Brian Carr. Id.

> Consistent with the Sixth Circuit case law cited by Milligan, the Court instructed the jury:
>
> A buyer-seller relationship alone is generally insufficient to tie a buyer to a conspiracy because mere sales do not prove the existence of the agreement that must exist for there to be a conspiracy. Factors that may be considered in determining whether the relationship is a conspiracy or a buyer-seller relationship include [i] whether the buyer makes repeated purchases of large quantities of narcotics from the seller, [ii] whether the methods of payment included the seller providing narcotics to the buyer with the expectation that the buyer would pay the seller back with proceeds from the drugs provided, and [iii] whether the relationship between the buyer and seller was an enduring arrangement.

Jury Instructions at 19–20 (Dkt. 186).

Applying these factors to the evidence presented at trial, the Court concludes that the evidence supports the jury's finding that Milligan engaged in a drug conspiracy—and not a mere

3

buyer-seller relationship. As to the first factor—repeated purchases of drugs—the evidence showed that Milligan engaged in multiple drug sales. As the Government points out, Resp. at 10–11, the jury heard testimony from Carr, who said that he repeatedly purchased drugs from Milligan. The second and third factors also support the jury's finding of a conspiracy. Carr testified that Milligan would front Carr with drugs to sell, and that Carr would then use the proceeds of his drug sales to reimburse Milligan. Id. at 11. The evidence—including Carr's testimony and text messages and phone calls between Carr and Milligan—shows that their arrangement was enduring, weighing in favor of finding the existence of a drug conspiracy. See id.

Resisting this conclusion, Milligan points out that Carr also testified to purchasing drugs from dealers other than Milligan and that Carr had requested a refund on a drug purchase. Mot. at 14. Neither fact supports Milligan's argument. Whether Milligan and Carr's arrangement was exclusive has no bearing on the whether that arrangement constituted a conspiracy. Because the jury's conspiracy finding is sufficiently supported by the evidence, the Court denies Milligan's Rule 29 motion on this ground.

**2. Amount of Drugs**

Milligan also argues that the jury's finding with respect to the amount of methamphetamine involved in the conspiracy—at least 500 grams—is not supported by the evidence. See Mot. at 14; Verdict at 1–2. Specifically, Milligan argues that a parcel of methamphetamine, discovered by law enforcement under Carr's bed, which Milligan acknowledges contained "[two] pounds of methamphetamine," "was not sufficiently tied to the alleged conspiracy." Mot. at 14.

However, the evidence undercuts Milligan's position. At trial, Carr testified that Milligan sent Carr the parcel. Resp. at 17–18. And as the Government points out, text messages between Carr and Milligan also show that the two were engaged in a drug conspiracy. See id. at 18. The evidence sufficiently supports the jury's findings associated with Milligan's drug conspiracy.

4

Because the jury's verdict finding Milligan guilty of conspiracy to possess with intent to distribute methamphetamine and heroin was sufficiently supported by the evidence, the Court denies Milligan's motion on this ground.[3]

**B. Possession with Intent to Distribute a Controlled Substance (Count II)**

Milligan challenges the jury's verdict with respect to his conviction of possession with intent to distribute a controlled substance. He argues that the evidence was insufficient to show that Milligan constructively possessed the Wenonah Drive package, and therefore, the evidence was insufficient to support the jury's finding that Milligan's possession involved 100 grams or more of heroin. Mot at 10–11.

"To convict a defendant of possession with the intent to distribute, the government must show (a) the defendant knowingly (b) possessed a controlled substance (c) with the intent to distribute." United States v. Hall, 20 F.4th 1085, 1106 (6th Cir. 2022) (punctuation modified). "The defendant does not need to be in actual possession of the substances; 'constructive' or 'joint' possession suffices. The evidence demonstrates constructive possession when it shows ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." Id. (punctuation modified).

Here, the Government argues that the evidence at trial was sufficient to show that Milligan constructively possessed the Wenonah Drive package. Milligan disputes this assertion, arguing

---

[3] Milligan also argues vaguely that he is entitled to acquittal, asserting that the "Government's case presented against him was insufficient as a whole" because Milligan "was never arrested with narcotics, nor was he ever recorded doing a narcotic transaction." Mot. at 14. This argument is without merit. In addition to the evidence discussed above, the Government presented the jury with evidence showing Milligan's involvement in the conspiracy, including USPS shipping records showing that Milligan tracked the package, text messages discussing drugs in coded language, and an established modus operandi of shipping drugs within composition notebooks. Viewed together, this evidence is sufficient to support Milligan's involvement in the drug conspiracy for which he was convicted.

that there was insufficient evidence to support a finding that Milligan exercised the requisite control over the package. Mot. at 9.

The Court agrees with the Government that the evidence presented at trial is sufficient to support a finding that Milligan exercised control over the Wenonah Drive package by arranging for its shipment from California to Michigan. As summarized in the Government's response, USPS records show that a phone number associated with Milligan was used to repeatedly check on the shipping status of the package. Id. at 12. Text messages show that Milligan was in California around the time the package was sent in July 2018, and that he requested Valerie Williams's address shortly before the package was sent to her address. Resp. at 11 (citing Gov't Ex. 6C). In a July 14, 2018 text message, Williams writes to Milligan that she "didn't c [Milligan's] pkg yet," and Milligan agrees that the package had not yet arrived: "Nope I checked it too." Id. at 13. And while Milligan points out that his fingerprints are not on the package, Mot. at 6, the Government presented evidence that the fingerprints of Milligan's associate and un-indicted co-conspirator, Terrance Hannah, were found on the package's interior wrappings. Resp. at 12. Taken together, this evidence is more than sufficient to support the jury's finding that Milligan directed or controlled the shipment of the Wenonah Drive package, and, therefore, constructively possessed the package.[4]

Milligan next argues that he is entitled to acquittal or a new trial because the evidence was insufficient to support the jury's finding that Milligan possessed with an intent to deliver at least 100 grams of heroin. Mot. at 10. Specifically, Milligan argues that, because law enforcement intercepted and removed a substantial portion of the original amount of heroin contained in the Wenonah Drive package, "the total narcotics possessed would be far less than the 100 grams or

---

[4] Milligan also argues that there was no evidence that Milligan "actually possessed the Wenonah Drive package." Mot. at 9. But as the Court explains above, "actual possession" is not required to sustain a conviction for possession with the intent to distribute.

more found by the [j]ury." Mot. at 10. Milligan further submits that law enforcement's interception of the package also undermines the validity of the jury's determination that Milligan was involved in a conspiracy to distribute or possess at least one kilogram of heroin (Count I). Id. at 10–11.

Milligan's argument fails for the same reasons discussed above regarding constructive possession. There is sufficient evidence for the jury to find that Milligan directed or controlled the shipment of the Wenonah Drive package—including during the time before law enforcement intercepted the package and removed most of its contents. Milligan is not entitled to acquittal or a new trial on this ground.

### C. Jury Instruction

Milligan argues that the Court failed to properly instruct the jury regarding Milligan's right to decide whether to testify at trial. Mot. at 12.

"Federal Rule of Criminal Procedure 30(d) requires that a party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." United States v. Stewart, 839 F. Supp. 2d 914, 929 (E.D. Mich. 2012) (punctuation modified). When the defendant fails to object to the jury instructions, the district court's instructions are reviewed for plain error. United States v. Morrison, 594 F.3d 543, 546 (6th Cir. 2010). "[P]lain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." Id.

At the outset of Milligan's trial, the Court provided the jury with initial instruction regarding the burden of proof and a defendant's right to not testify:

> After the government has put in its case, the defense can call witnesses if it wants to. You already heard [Milligan's counsel] Mr. Amberg talk about the fact that the defendant has a right to testify, but he also has a right not to testify and because the burden is only on the government, it's not on Mr. Milligan, the defense doesn't have to call any witnesses, doesn't have to present you with any evidence

whatsoever. It's solely up to the defense to decide whether it wants to call any witnesses or put on any evidence.

Resp. at 16. In addition to this initial instruction, the Court again instructed the jury, following closing arguments, on the burden of proof, explaining that Milligan is "presume[d]" innocent and that a "defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent." Id.

At the conclusion of trial, the Court conferenced with the parties regarding proposed jury instructions. During the conference, the parties reached agreement regarding disputed instructions, and the Court required the parties to make modifications to the language of certain instructions. The Government then submitted to the Court the revised instructions, however, through apparent inadvertence, the instruction regarding a defendant's right not to testify was omitted. See Mot. at 12; Resp. at 15. As a result, the Court's charge to the jury did not include a specific instruction regarding a defendant's right not to testify. After becoming aware of the omission while the jury deliberated, the Court informed the parties of the omission, recalled the jury, read the instruction, and sent the jury back to the jury room for continued deliberations. Mot. at 12–13; Resp. at 17.

Milligan submits that he is entitled to a new trial under Rule 33 because the Court failed to properly instruct the jury. Mot. at 12. According to Milligan, the "error was no minor issue" and the delayed instruction "may have had a direct effect on the decision making of the Jury." Id. at 13.

Milligan's argument is without merit. As recounted above, the Court provided the jury with an instruction regarding Milligan's right not to testify and the absence of any obligation to present evidence proving his innocence. Milligan fails to provide any explanation as to why these instructions were insufficient. Even assuming that the Court erred by omitting the right-to-testify instruction from its initial recitation of the jury instructions, the Court remedied the error by pausing the jury's deliberations and providing them the omitted instruction. "A jury is presumed

8

to follow its instructions." United States v. Johnson, 803 F.3d 279, 282 (6th Cir. 2015) (punctuation modified). Milligan's speculative assertion that the delayed instruction "may" have impacted the jury is not sufficient to rebut this presumption.

Because Milligan has failed to demonstrate that the Court erred in instructing the jury, the Court denies his motion for a new trial on this ground.

### III. CONCLUSION

For the reasons stated above, the Court denies Defendant Anthony Milligan's motion for new trial or acquittal (Dkt. 169).

SO ORDERED.

Dated: December 3, 2024  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
                                 United States District Judge